FORM B104 (08/07)                                                                         2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| THE SAVANNAH N. DENOCE TRUST | FLORENCE JACQUELYN TOMASI; WILLIAM STEPHEN TOMASI |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| HERZLICH & BLUM, LLP 15760 Ventura Blvd., Ste. 2024 Encino, CA 91436 (818) 783-8991 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor        ☐ Other ☐ Trustee | ☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor        ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
11 USC §523(a)(2) and/or (a)(4), 11 USC §523(c), and 11 USC §524(a)(3) for a determination
excepting the debt of the Judgment due to Plaintiff from discharge and from injunction with
respect to the community property interests of the debtor WILLIAM and his spouse, debtor

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief -- imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 489,000.00 + interest |

Other Relief Sought

FORM B104 (08/07), page 2                                                     **2007 USBC, Central District of California**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br>FLORENCE JACQUELYN TOMASI;  WILLIAM STEPHEN TOMASI | | **BANKRUPTCY CASE NO.**<br>1:10bk-16174-MT |
| **DISTRICT IN WHICH CASE IS PENDING**<br>Central | **DIVISIONAL OFFICE**<br>San Fernando Valley | **NAME OF JUDGE**<br>Maureen A. Tighe |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | | |
| **DATE**<br>10/15/10 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>ALLAN HERZLICH | |

## INSTRUCTIONS

    The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

ORIG

FILED

OCT 1 5 2010

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1   **HERZLICH & BLUM, LLP**
    Attorneys-At-Law
2   **ENCINO GATEWAY BUILDING**
    15760 VENTURA BOULEVARD, SUITE 2024
3   ENCINO, CALIFORNIA 91436-3095
    Telephone (818) 783-8991
4   Facsimile  (818) 783-6682
    Allan Herzlich   State Bar #100920
5   Jerome J. Blum  State Bar #100317

6   **Attorneys for Creditor**

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10
    In re:                          )   BK CASE NO. 1:10-bk-16174-MT
11                                  )
    FLORENCE JACQUELYN TOMASI;      )   ADV. NO.
12  WILLIAM STEPHEN TOMASI          )   Ch. 7
                                    )
13          Debtors.                )
                                    )   COMPLAINT TO DETERMINE DEBT
14  _____)   TO BE NON-DISCHARGEABLE, TO
                                    )   DETERMINE COMMUNITY
15  THE SAVANNAH N. DENOCE TRUST    )   PROPERTY INTERESTS OF DEBTOR
                                    )   AND SPOUSE TO BE EXCEPTED
16          Plaintiff,              )   FROM DISCHARGE AND TO DENY
                                    )   DISCHARGE
17          vs.                     )
                                    )
18  WILLIAM STEPHEN TOMASI, aka     )
    WILLIAM S. TOMASI; WILLIAM S.   )
19  TOMASI ESQ; LAW OFFICES OF      )
    WILLIAM S. TOMASI; FLORENCE     )
20  JACQUELYN TOMASI aka JACQUI     )
    GRASSO TOMASI; and DOES 1 - 1000,)
21                                  )
            Defendants.             )
22  _____)

23

24

25  TO THE HONORABLE JUDGE OF THE BANKRUPTCY COURT:

26  ///

27  ///

28
                                    1

                COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE, ETC.

1
2
### COUNT I.

3
AS AND FOR A SEPARATE CLAIM OF RELIEF, PLAINTIFF ALLEGES:

4
5    1. Defendants WILLIAM STEPHEN TOMASI aka WILLIAM S. TOMASI

6    (hereafter "WILLIAM") and FLORENCE JACQUELYN TOMASI (hereafter "FLORENCE")

7    are the debtors in these proceeding and are, and were at all relevant times, husband and wife

8    residing at 1136 Del Verde Court, Thousand Oaks, CA.

9
10    2. Plaintiff, THE SAVANNAH N. DENOCE TRUST (hereafter the "TRUST"),

11    is a creditor of Defendant WILLIAM, having obtained a Judgment of the Los Angeles Superior

12    Court, in Case No. BC392034 on October 29, 2009, in the sum of $489,000.00.

13
14    3. The above-referenced Judgment was procured as a result of WILLIAM's

15    breach of his fiduciary duties to the TRUST, as more particularly set forth in said Judgment (a

16    true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein as

17    though set forth in full) and in said Court's September 18, 2009 Ruling on Motion For Summary

18    Adjudication (a true and correct copy of which is attached hereto as Exhibit "B" and incorporated

19    herein as though set forth in full). Essentially, WILLIAM was found liable for his slander of title

20    to the property of the TRUST and for his failure to account to the TRUST.

21
22    4. Thereafter Defendants WILLIAM and FLORENCE filed their Petition for

23    Relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy

24    Court for the Central District of California.

25
26    5.    This is an action under 11 USC §523(a)(2) and/or (a)(4), 11 USC §523(c),

27    and 11 USC §524(a)(3) for a determination excepting the debt of the Judgment due to Plaintiff

28    from discharge and from injunction with respect to the community property interests of the

2

debtor WILLIAM and his spouse, debtor FLORENCE. This Court has jurisdiction of this action under 28 USC §1334, and this Complaint constitutes a core proceeding.

6.    For the several reasons as shown in the above-referenced Judgment and Ruling On Motion For Summary Adjudication, the debt of the Judgment should be excepted from discharge and the community property interests of the debtor WILLIAM and his spouse FLORENCE should be determined to be excepting from any discharge that might otherwise be granted in these proceedings.

## COUNT II.

AS AND FOR A SEPARATE CLAIM OF RELIEF, PLAINTIFF ALLEGES:

7. Plaintiff repeats and realleges Paragraphs 1 through 6, inclusive, and incorporates same herein as though set forth in full.

8. This civil proceeding is grounded on 11 USC §727(a)(2),(3),(4),(5),(c)(1).

9. Attorney for Plaintiff has investigated the actions of Debtor WILLIAM and his spouse FLORENCE, and being satisfied that the proper grounds exist for denial of said discharge of said Debtor WILLIAM and his spouse FLORENCE, does hereby object to granting of discharge of said Debtor WILLIAM and his spouse FLORENCE.

10. Plaintiff specifies the following as grounds for objections:

a.    That during the past year, the exact date(s) being unknown to Plaintiff, WILLIAM and/or FLORENCE transferred, removed, destroyed or concealed, or permitted to be removed, destroyed, sold or concealed, his and/or her and/or their properties with intent to

3

hinder, delay or defraud his and/or her and/or their creditors including, without limitation, the following:

    i) the true interest in real property located at 1136 Del Verde Court, Thousand Oaks, CA.

    ii) the true interest in real property located at 3145 Old Conejo Road, Newbury Park, CA.

    iii) the true interest in numerous vehicles (and/or the proceeds of sale thereof) including,

        without limitation, a 2004 Porsche Cayenne, a 1967 Ford Shelby "Kirkham" Cobra, a

        1964 Ford Galaxy Ford "Factory Lightweight" Galaxy, a 2006 Chrysler 300C, a 1970

        Ford "Boss 302" Mustang, a 2007 Aprilla RSV100 motorcycle, a 2005 Honda 450

        dirt bike,  a 2006 Honda 230 dirt bike, and/or a 2005 Honda 80 dirt bike.


    b.  Said Debtors have concealed, destroyed, mutilated, falsified and/or failed to keep or preserve recorded information from which their financial condition might be ascertained including, without limitation, records concerning their purported granting of security interests in and/or sale/transfer of many of the properties set forth in subparagraph a. above.


    c.  Said Debtors presented a false oath or account, including, without limitation, the failure to list a certain bank account and false statements with respect to their true interest in, and/or the income received from the sale/transfer of, many of the properties set forth in subparagraph a. above.


        11.    For the several reasons as shown herein Debtors should be denied discharge.

///

///

///

///

4

WHEREFORE, Plaintiff prays for Judgment as follows:

1.  That the Court determine that the debt on which the Plaintiff's claim is based is a debt which may be excepted from discharge and from injunction with respect to the community property interests of the debtor WILLIAM and his spouse FLORENCE, after notice and hearing, under 11 USC §523(c);

2.  That the Defendants be denied a discharge in bankruptcy;

3.  That the day and date be set for hearing on this objection to dischargeability and discharge;

4.  For costs herein expended;

5.  For attorney's fees in a sum according to proof, as allowable under the laws of the State of California;

6.  For such other relief to which the Plaintiff may be entitled.


DATED:  October 14, 2010                    Respectfully submitted,
                                            HERZLICH & BLUM, LLP


                                            By: _____
                                                ALLAN HERZLICH
                                                Attorneys for Plaintiffs

5

COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE, ETC.

1  Marshal A. Oldman, State Bar No. 72149
   Julia S. Berkus, Esq., State Bar No. 234101
2  **OLDMAN, COOLEY, SALLUS, GOLD,**
   **BIRNBERG & COLEMAN, LLP**
3  16133 Ventura Boulevard, Suite Penthouse A
   Encino, California 91436
4  Telephone:  (818) 986-8080
   Attorneys for The Savannah N. DeNoce Trust
5
6  Law Offices of Robert Koenig
   28914 Roadside Drive, Suite F-4
7  Agoura Hills, California
   Telephone: (818) 735-9600
8  Attorneys for Cross Defendants The Savannah N. DeNoce Trust

9
   **IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
10              **COUNTY OF LOS ANGELES**
       **CENTRAL DISTRICT, STANLEY MOSK COURTHOUSE**
11

| | |
|---|---|
| 12  THE SAVANNAH N. DENOCE TRUST, DOUG DENOCE | **CASE NO. BC 392034** |
| 13                    Plaintiffs, | [3d. revised proposed] JUDGMENT AGAINST WILLIAM S. TOMASI, ESQ. FOR; |
| 14         vs. | **VIOLATIONS OF PROBATE CODE AND BREACHES OF FIDUCIARY DUTIES, FOR SLANDER OF TITLE, QUIET TITLE AND DECLARATORY RELIEF, FOR ACCOUNTING, TO CANCEL DEED;** |
| 15  WILLIAM STEPHEN TOMASI, AKA WILLIAM S. TOMASI, WILLIAM S. | |
| 16  TOMASI ESQ., LAW OFFICES OF WILLIAM S. TOMASI, FLORENCE | |
| 17  JACQUELYN TOMASI AKA JACQUI GRASSO TOMASI, DOES 1-100, | **MONEY JUDGMENT IN FAVOR OF PLAINTIFF, THE SAVANNAH N. DENOCE TRUST** |
| 18                    Defendants. | |
| 19  ————————————— | Date: September 18, 2009 |
| 20  William S. Tomasi, Jacqueline Tomasi, Cross Complainants, | Time: 8:30am Place: Dept 26 |
| 21         Vs. Douglas DeNoce, Stanley Hilton as trustee | |
| 22  for Savannah DeNoce Trust, Peter Krainer as Trustee of "SND Tr. II," | Complaint filed 6/04/08 |
| 23  Cross Defendants | Hon. James R. Dunn, Judge |

24

25  THE COURT AWARDS, RENDERS, FINDS AND ENTERS THE FOLLOWING
26  JUDGMENT IN FAVOR OF PLAINTIFF THE SAVANNAH N. DENOCE TRUST AND
   AGAINST WILLIAM S. TOMASI, ESQ.
27

28

   JUDGMENT

   **EXHIBIT A**

ORIGINAL FILED

OCT 2 9 2009

LOS ANGELES
SUPERIOR COURT

1

2   **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

3   THE COURT HEREBY ENTERS JUDGMENT IN FAVOR OF THE SAVANNAH N.

4   DENOCE TRUST, BY AND THROUGH IT'S TRUSTEE, AS FOLLOWS

5   On September 18, 2009 the Court entered a Ruling on the Motion for Summary Adjudication

6   of the Savannah N. DeNoce Trust. In accordance with said Ruling, Judgment is entered as follows:

7

8   1. Judgment is rendered in favor of Plaintiff, The Savannah N. DeNoce Trust, for slander of title

9   and Judgment is rendered against Defendant WILLIAM S. TOMASI, ESQ. for slander of title and

10  Defendant WILLIAM S. TOMASI is found liable for slandering the title of the Savannah N.

11  DeNoce Trust to the real property at 1246 Patricia Avenue, Apt. 19, Simi Valley, California 93065,

12  legal descriptions set forth below. Concurrently with this Judgment, WILLIAM S. TOMASI IS

13  ORDERED to return the Trust property, and to pay off the encumbrance forthwith. The deed of

14  October 21, 2004 whereby WILLIAM S. TOMASI wrongfully took title to the Trust property is

15  canceled and rendered void, as set forth bellow. The Plaintiff's money damages are as set forth

16  below;

17

18  2. Judgment is awarded to The Savannah N. DeNoce Trust and against WILLIAM S. TOMASI for

19  Quiet Title and Declaratory Relief. The Court does hereby declare and Quiet Title in the Name of

20  The Savannah N. DeNoce Trust, as against all claims of WILLIAM S. TOMASI, ESQ. and anyone

21  or entity claiming under him, his agents or assigns, in and to the property at 1246 Patricia Avenue,

22  Simi Valley, California 93065, legal description set forth below. Defendant WILLIAM S. TOMASI

23  holds no claims or interests whatsoever in the real property commonly known as 1246 Patricia

24  Avenue, Apt. 19, Simi Valley, California 93065, legal descriptions as follows:

25  APN No. 632-0-351-375

26  PARCEL A:
AN UNDIVIDED 1/64TH INTEREST IN LOT 1 OF TRACT NO. 2998, IN THE CITY OF

27  SIMI VALLEY, COUNTY OF VENTURA, STATE OF CALIFORNIA, AS PER MAP

28

JUDGMENT                    Page 2 of 6

**EXHIBIT A**

1    RECORDED IN BOOK 79, PAGES 5 TO 7 INCLUSIVE OF MAPS, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY.

2    EXCEPT UNITS 1 THRU 64 AS SHOWN ON THE CONDOMINIUM PLAN
RECORDED IN BOOK 5040, PAGE 717, AND AMENDMENT TO CONDOMINIUM

3    PLAN, RECORDED IN BOOK 5248, PAGE 919, BOTH OF OFFICIAL RECORDS OF
SAID COUNTY.

4    PARCEL B:
UNIT 27, IN THE CITY OF SIMI VALLEY, COUNTY OF VENTURA, STATE OF

5    CALIFORNIA, AS SHOWN ON SAID CONDOMINIUM PLAN.
EXCEPTING FROM PARCELS A AND B ABOVE, 1/10TH PART OF THE TOTAL

6    (GROSS) OIL, GAS OR OTHER KINDRED SUBSTANCES OR OTHER MINERALS
EXTRACTED FROM SAID PREMISES, AS RESERVED IN DEED DATED JANUARY

7    18, 1929, FROM VENTURA LAND AND WATER COMPANY, A CORPORATION, TO
ISSAC D. BUDD, A MARRIED MAN, RECORDED IN BOOK 239, PAGE 493, OF

8    OFFICIAL RECORDS.
ALSO EXCEPTING AN UNDIVIDED 1/2 INTEREST IN AND TO A NON-TENTHS PART

9    OF THE TOTAL (GROSS) OIL, GAS OR OTHER KINDRED SUBSTANCES OR
OTHER MINERALS IN, UPON OR UNDERLYING SAID REAL PROPERTY OR

10   HEREAFTER EXTRACTED THEREFROM, AS RESERVED IN THE DEED FROM
PACIFIC STATE SAVINGS AND LOAN COMPANY, RECORDED JANUARY 19, 1948,

11   IN BOOK 817 PAGE 188, OFFICIAL RECORDS.
ALSO EXCEPTING ALL WATER AND WATER RIGHTS UPON OR UNDERLYING

12   SAID LAND WHETHER NOW BEING DEVELOPED AND PUMPED OR HEREAFTER
DEVELOPED OR EXTRACTED TOGETHER WITH ALL IRRIGATION AND

13   DOMESTIC WATER SUPPLY, PIPES, CONDUITS AND EASEMENTS THEREFORE,
IN UNDER AND UPON SAID LAND, AS CONVEYED TO THE SIMI MUTUAL WATER

14   COMPANY, BY DEED RECORDED APRIL 31, 1948 IN BOOK 824 PAGE 403,
OFFICIAL RECORDS.

15

16   Defendant WILLIAM S. TOMASI or anyone claiming under him, his agents or assigns, hold

17   no claims adverse to the Plaintiff The Savannah N. DeNoce Trust in said property, which holds title

18   in fee simple.  WILLIAM S. TOMASI obtained title by improper means, and facts have been

19   established as to the actual invalidity of the said instruments clouding Plaintiff's title,

20   pursuant to <u>California Civil Code</u> § 3412.  The Court declares the said October 21, 2009 quit

21   claim deed purporting to deed the said property from The Savannah N. DeNoce Trust to William

22   S. Tomasi individually to be invalid, null and void, and of no legal force and effect.   Plaintiff's

23   money damages are as set forth below.

24

25   3.  Judgment is rendered in favor of Plaintiff, The Savannah N. DeNoce Trust, for Breach of

26   Fiduciary Duties, and Judgment is rendered against Defendant WILLIAM S. TOMASI, Esq. for

27   breach of his fiduciary duties to The Savannah N. DeNoce Trust and Defendant WILLIAM S.

28

---

EXHIBIT A

1   TOMASI, Esq. is found liable for violation of California Probate Code Section 16002, failure to act

2   in the best interest of the beneficiary of said Trust. Plaintiff's money damages are set forth below.

3

4   4.   Judgment is rendered in favor of Plaintiff, The Savannah N. DeNoce Trust, for Breach of

5   Fiduciary Duties, and Judgment is rendered against Defendant WILLIAM S. TOMASI, ESQ. for

6   breach of his fiduciary duties to The Savannah N. DeNoce Trust and Defendant WILLIAM S.

7   TOMASI, ESQ. is found liable for violation of California Probate Code Section 16040, for failure

8   to administer the Trust with care. Plaintiff Trust Money damages are set forth below.

9

10   5.   Judgment is rendered in favor of Plaintiff, The Savannah N. DeNoce Trust, for Breach of

11   Fiduciary Duties, and Judgment is rendered against Defendant WILLIAM S. TOMASI, ESQ. for

12   breach of his fiduciary duties to The Savannah N. DeNoce Trust and Defendant WILLIAM S.

13   TOMASI, Esq. is found liable for violation of California Probate Code Sections 21350, improper

14   transfer of Trust res to Trustee and he failed to get an independent review prior to the transfer

15   pursuant to, Probate Code Section 213561.   Plaintiff Trust Money damages are set forth below.

16

17   6.   Judgment is rendered in favor of Plaintiff, The Savannah N. DeNoce Trust, for Breach of

18   Fiduciary Duties, and Judgment is rendered against Defendant WILLIAM S. TOMASI, ESQ. for

19   breach of his fiduciary duties to The Savannah N. DeNoce Trust and Defendant WILLIAM S.

20   TOMASI, Esq. is found liable for violation of California Probate Code Section 859 for the wrongful

21   taking of Trust property. The Trust shall be fully compensated for the costs, expenses and fees

22   associated with the pursuit of this matter, and to repair the Trust. Plaintiff Trust damages are set

23   forth below.

24

25   7.   Judgment is rendered in favor of Plaintiff, The Savannah N. DeNoce Trust, for Breach of

26   Fiduciary Duties, and Judgment is rendered against Defendant WILLIAM S. TOMASI, Esq. for

27

28

EXHIBIT A

1  breach of his fiduciary duties to The Savannah N. DeNoce Trust and Defendant WILLIAM S.

2  TOMASI, Esq. is found liable for violation of California Probate Code Section 16062 for a failure

3  to account to the Trust voluntarily, upon demand of his Successor Trustee, and for causing the Trust

4  to have to file a lawsuit and conduct litigation to obtain an accounting, which was never provided.

5  The Plaintiff Trust Money damages are set forth below.

6  ### DAMAGES/MONEY JUDGMENT

7  Plaintiff is awarded MONEY DAMAGES against WILLIAM S. TOMASI as follows:

8  Plaintiff is awarded attorney fees, damages for the wrongful taking of Trust property and for the

9  return of the profit the Defendant made on the transaction.

10  (1) Attorney fees. Plaintiff Trust is awarded attorneys fees in accordance with the Ruling of

11  September 18, 2009 and this Judgment in the amount of $160,000.00, and WILLIAM S. TOMASI

12  is Ordered to pay same forthwith;

13  (2) Wrongful taking of Trust property: Plaintiff Trust is awarded $260,000.00 as a penalty and to

14  repair the Trust and WILLIAM S. TOMASI is Ordered to pay same forthwith;

15  (3) Return of profit made from the sale of the car:  Plaintiff Trust is awarded $58,000, and

16  WILLIAM S. TOMASI is Ordered to pay same forthwith;.

17  Total money judgment: $478,000.00 (Four Hundred and Seventy Eight Thousand dollars)

18  Plaintiff Trust is the prevailing party, and is also awarded costs pursuant to a subsequently

19  submitted Memorandum of Costs, said costs to become a part of this money judgment.

20

21  **IT IS SO ORDERED, ADJUDGED DECREED AND FOUND AND THIS IS THE**

22  **JUDGMENT OF THE COURT**

23  By:

24  James R. Dunn                                        OCT 29 2009

25  JUDGE OF THE SUPERIOR COURT              Dated:
    James R. Dunn

26

27

28

---

JUDGMENT                    Page 5 of 6

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 18 2009

John A. Clarke, Executive Officer/Clerk
By_____, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| THE SAVANNAH N. DENOCE TRUST, DOUGLAS DENOCE, <br><br> Plaintiff(s), <br><br> v. <br><br> WILLIAM STEPHEN TOMASI, WILLIAM S. TOMASI, WILLIAM S. TOMASI, ESQ., LAW OFFICES OF WILLIAM S. TOMASI, FLORENCE JACQUELINE TOMASI, JACQUI GRASSO TOMASI, DOES 1 to 100, inclusive, <br><br> Defendant(s). <br><br>——————————————————<br> AND ALL RELATED CROSS-ACTIONS. | Case No. BC 392034 <br><br> **RULING ON MOTION FOR SUMMARY ADJUDICATION OF THE SAVANNAH N. DENOCE TRUST** |

The Motions for Summary Adjudication of Plaintiff The Savannah N. Denoce Trust are GRANTED in their entirety.   Plaintiff Trust is awarded $318,000 in damages plus $160,000 in attorneys fees, plus costs to be submitted in a separate cost bill at the appropriate time. Defendant is also ordered to deed the property back to the Trust and to pay off the actual encumbrance on the property as of the date of this ruling, which is in the approximate sum of $22,000.

-1-

**EXHIBIT B**

1   MP moves for Summary Adjudication on all causes of action brought by the Trust
2   against Defendant William S. Tomasi ("Defendant") on the grounds that there are no triable
3   issues of fact with respect to the causes of action and facts and issues in dispute regarding
4   the Trust's causes of action and claims made against Defendant. The motion is also brought
5   on the grounds that Defendant, as trustee, continues to wrongfully hold title to Trust real
6   property, has engaged in self-dealing, and wrongfully encumbered Trust property for his own
7   profit, and failed to provide an accounting to the Trust for the loan proceeds from the loan he
8   wrongfully placed on Trust property. In addition, the motion is based on the grounds that
9   Defendant breached his fiduciary duties to the Trust and violated various sections of the
10  Probate Code. Finally, the motion is based upon the grounds that Defendant has slandered
11  and clouded title to the Trust property, by quit claiming same to himself and encumbering it.

12      Plaintiff has alleged the following causes of action on behalf of the Trust and plaintiff
13  Denoce as an individual: (1) Violations of Business & Professions Code §§6068, 6106, and
14  6148; (2) Violations of Rules of Professional Responsibility; (3) Violations of Insurance Code
15  and Code of Regulations; (4) Slander of Title; (5) Quiet Title; (6) Declaratory Relief; (7)
16  Conversion; (8) Professional Negligence/Legal Malpractice; (9) Breach of Fiduciary Duties
17  (Counts 1-6); (10) Fraud and Deceit; (11) Breach of Contract; (12) Quantum Meruit; (13)
18  Unjust Enrichment; (14) Intentional Infliction of Emotional Distress; (15) Extinguishment of
19  Wrongful Lien; (16) Recission; (17) Negligent Entrustment; and (18) Accounting. (Plaintiffs'
20  second amended complaint was filed on 6/9/09. The claims against the Trust are identical in
21  both the First and Second Amended Complaints.)

22      Here, Plaintiff Trust seeks Summary Adjudication of Issues on the following causes of
23  action: (4) Slander of Title, (5) Quiet Title, (6) Declaratory Relief (all folded into Issue 1); (9)
24  Breach of Fiduciary Duties, Counts 2-6 of the First Amended Complaint, or those same
25  causes of action "in any successor complaint," and (19) Accounting. [The court refers to these
26  causes of action as they were numbered in the First Amended Complaint.] The 9th cause of
27  action is pleaded in an unusual way by including separate claims for breach of fiduciary duty
28  based on separate grounds, as merely "counts" within a single cause of action. Since they

-2-

RULING ON MOTION FOR SUMMARY ADJUDICATION

EXHIBIT B

1 | are each in and of themselves separate causes of action, the court treats them as such.

2 | *Lilienthal & Fowler v. Sup. Ct. (Karr) 12 Cal.App.4th 1848 (1993).* For purposes of reference,

3 | however, in this ruling the court will continue to refer to them as counts as that is the way they

4 | are referenced in the briefs. These are the so-called Trust causes of action. Throughout this

5 | litigation the parties and the court have made the distinction between the Trust causes of

6 | action and the individual causes of action brought on behalf of Doug Denoce as an individual.

7 | At the first hearing on this motion the court gave its tentative ruling to grant in its

8 | entirety contingent on receiving further evidence on damages. At the second hearing, the

9 | court received additional evidence on damages and further briefing from the parties on this

10 | issue only. As noted below, the court finds that plaintiff Trust has submitted sufficient

11 | evidence in its Separate Statement and Damages Brief and exhibits to present a prima facie

12 | case, and defendant's have failed to present admissible evidence to raise triable issues of

13 | fact.

14 |

15 | Defendant's Request for Continuance under CCP 437c(h):

16 | Defendant's request for a continuance, pursuant to C.C.P. §437c(h), is denied.

17 | Defendant's counsel's declaration is not sufficient. A declaration in support of a motion to

18 | continue the hearing must show the following: (1) facts establishing a likelihood that

19 | controverting evidence may exist; (2) the specific reasons why such evidence cannot be

20 | presented at the present time; (3) an estimate of the time necessary to obtain such evidence;

21 | and (4) the specific steps or procedures the opposing party intends to utilize to obtain such

22 | evidence. Weil & Brown, California Practice Guide (2008), Civil Procedure Before Trial

23 | §10.207.15. *See also Roth v. Rhodes (1994) 25 Cal.App.4th 530, 548* ("It is not sufficient

24 | under the statute merely to indicate further discovery or investigation is contemplated. The

25 | statute makes it a condition that the party moving for a continuance show 'facts essential to

26 | justify opposition may exist.' The declaration indicates two depositions remained to be

27 | contemplated and Roth had not yet received his expert opinions. However, there is no

28 | statement which suggests what facts might exist to support the opposition to the motions...").

-3-

RULING ON MOTION FOR SUMMARY ADJUDICATION

# EXHIBIT B

1  Here, Defendant's counsel's declaration fails to identify what facts might exist to support the

2  opposition to Plaintiff's motion for summary judgment/adjudication.[1]

3          Moreover, this Court notes that Plaintiff Trust filed the instant motion for summary

4  judgment/adjudication on 5/22/09, based on the allegations in the first amended complaint.

5  [ On 6/9/09, Plaintiffs filed a second amended complaint, in which the Trust causes of action

6  are identical.]

7          In addition, this Court notes that the Trust's causes of action for Breach of Fiduciary

8  Duty (Counts 2-6) are valid. Although the Court's 2/5/09 Minute Order indicates that the Court

9  sustained, without leave to amend, the 9th cause of action (Breach of Fiduciary Duties) in

10  Plaintiffs' first amended complaint, the Court Reporter's transcript of the hearing makes it clear

11  that the Court intended that only Plaintiff Doug Denoce's cause of action for breach of

12  fiduciary duty be sustained without leave to amend. The Trust alleged sufficient facts to

13  support the causes of action, with respect to Counts 2-6.[2] The Court also has a strong

14  independent recollection of this.

15

16          Defendant failed to produce any evidence to suggest that Plaintiff violated the Court's

17

18  [1]Defendant's counsel, Kevin H. Park, merely declares, as follows: "If this motion is not denied, it should be continued pursuant to section 437c(h) because essential facts to justify opposition may exist but cannot, or the reasons stated, now be presented. We have been refused all discovery, the plaintiff has objected to the deposition of the trust, the trustee, and himself. His objections exceed 590 pages. The plaintiff has not pled nor proven the existence of an express trust, as required by the Probate Code. All of the plaintiff's allegations may be eliminated by the exculpatory language in the express trust itself. We simply do not have the language for review or comparison to the allegations. Since the complaint is based upon breach of a written agreement, the plaintiff must produce the express written trust agreement..." (Declaration of Park ¶2). Defendant failed to cite to any case law or authority that suggests a trust document can contain provisions relieving a trustee of liability for breaches of fiduciary duty (i.e. that such provisions are not violative of public policy and are legally enforceable). Moreover, Defendant's counsel was provided an opportunity to review the Trust, be declined. (Reply 8:2-3).

[2]During the 2/5/09 hearing, the Court stated, in pertinent part, as follows: (1) "All the Probate breaches of fiduciary duty, I think, are well-pleaded and--and should go on your accounting. I think you're entitled to that." (11:8-10); and (2) "The ninth cause of, action breach of fiduciary duty, Count I, is based on sale of the car. That's sustained without leave. Counts II through VI are overruled. This has to do with the Probate. They're adequately proved..." (15:21-25). Clearly, the Court overruled Defendants' demurrer to the 9th cause of action (counts 2-6) asserted by the Trust. Thus, the causes of action are valid. Any confusion on the part of Defendant should have been resolved prior to filing opposition to the motion for summary judgment/adjudication. Counsel for Defendant, Mr. Park, was present at the hearing and was, therefore, aware of the Court's ruling.

-4-

RULING ON MOTION FOR SUMMARY ADJUDICATION

EXHIBIT B

1  order by filing the instant motion for summary judgment/adjudication. According to the Court's

2  5/15/09 Minute Order, the merits of the first motion were never reached on technical grounds.

3  The motion was taken off-calendar, subject to being re-filed upon correction of the procedural

4  defects. The court, as noted in open court, also has a clear and independent recollection of

5  telling counsel that the Trust causes of action were adequately pleaded.[3] Moreover, as noted

6  in more detail in the court's ruling on Defendant's CCP 473 Motion for Relief from Default, filed

7  on this same date, defendant opposed the first Trust motion for summary adjudication back

8  in May 2009 and did not raise as a defense that the demurrers to the breach of fiduciary duty

9  causes of action against the Trust were sustained without leave. They were not, and had

10  defendant believed that they were, he had an obligation to raise the issue then as the

11  demurrers were heard back on February 5 and March 5, 2009.

12

13  <u>Motion for Summary Adjudication</u>

14          As discussed at length on the record by the court at the oral arguments, the court finds

15  that plaintiff has met its burden on all five of the counts in the 9th Cause of Action for Breach

16  of Fiduciary Duty as well as the Quiet Title related claims and the claim for an Accounting.

17  The discussion of the law, arguments and damages follows:

18

19  <u>Issue 1 (Cause of Action 4 for Slander of title, 5 for Quiet Title and 6 for Declaratory Relief)</u>

20  should be entered in favor of the Trust and against Defendant quieting title to the Savannah

21  N. Denoce Trust. Defendant should be ordered to return the Trust property. GRANTED.

22          Defendant's responses to requests for admission and other discovery admit all of the

23  evidentiary facts necessary to support these causes of action. (See Separate Statement 1-24

24  on Issue No. 1) His attempt to contradict his discovery responses in a new declaration cannot

25  defeat a summary judgment. *D'Amico v. Board of Med. Examiners* 11 Cal.3d 1 (1974).

26

27          [3]The Court finds that Defendant's arguments, pertaining to standing, jurisdiction, and burden
of proof in pleading are without merit. *See* Probate Code §17000. Both the first and the second
28  amended complaints contain allegations establishing that the claims are being brought by the Trust,
by and through it's Trustee, Stanley G. Hilton, Esq.  (FAC-Opening Paragraph)(SAC-Opening
Paragraph). Moreover, both complaints are verified.

-5-

RULING ON MOTION FOR SUMMARY ADJUDICATION

EXHIBIT B

As to Issues 2-6, the breach of fiduciary duty counts of cause of action 9, that defendant contends the court sustained demurrers without leave to amend. The court has addressed this above and in its ruling on the motion for relief from default. As a consequence of defendant taking this position, he has not introduced any evidence in opposition to plaintiff's evidence in the Separate Statement. This alone is sufficient to grant the motion on the issues of liability on Issues 2-6, and the court so finds. CRC 3.1350(e)(2), CCP 437c(b)(3).

Issue 2: Defendant has breached his fiduciary duties to the Trust - Defendant violated Probate Code §16002, failure to act in the best interest of the beneficiary. (Count 2 of the 9th Cause of Action). GRANTED

Issue 3: Defendant has breached his fiduciary duties to the Trust - Defendant violated Probate Code §16004, using the Trust for his (the Trustee's) profit. GRANTED

Issue 4: Defendant has breached his fiduciary duties to the Trust - Defendant violated Probate Code §16040, failure to administer the Trust with care. GRANTED

Issue 5: Defendant has breached his fiduciary duties to the Trust - Defendant violated Probate Code §21350, improper transfer of Trust res to Trustee and failed to get an independent review prior to the transfer pursuant to Probate Code §21351. GRANTED

Issue 6: Defendant has breached his fiduciary duties to the Trust - Defendant violated Probate Code §859, wrongful taking of Trust property. GRANTED

Issue 7: Defendant has breached his duty to provide an accounting to the Trust, pursuant to Probate Code §16062. GRANTED

RULING ON MOTION FOR SUMMARY ADJUDICATION

EXHIBIT B

1

2 **Breach of Fiduciary Duty Counts/Causes of action (Issues 2-6)**

3      C.C.P. §1060 authorizes the Court to make a declaratory judgment concerning issues

4 of quiet title and cancellation of the quit claim deed. *See* C.C.P. §760.010 and Civil Code

5 §3412. In an action to quiet title, it is sufficient to allege that the plaintiff is the owner of certain

6 described property, that defendant claims an interest therein adverse to plaintiff, and that such

7 a claim is without right. *Compas v. Escondido Mut. Water Co. (1948) 86 Cal.App.2d 407.* A

8 quiet title action is generally to resolve conflicting claims to property, while the slander of title

9 action is aimed at recovery of damages. *Fearon v. Fearon (1915) 169 Cal. 370.* The

10 elements of a cause of action for slander of title are, as follows: (1) disparagement, (2)

11 publication, and (3) falsity. Malice may be implied. *Spencer v. Harmon Enters. (1965) 234*

12 *Cal.App.2d 614.*

13      Here, when Defendant took over as Trustee, the subject property was vested in the

14 name of "The Savannah N. DeNoce Trust." (Deposition of Tomasi, Volume I, Exhibit "20").

15 Defendant transferred the property to himself, individually, for his own profit, and in self-

16 dealing. (RFA's Nos. 11-12). However, the property belongs to the Trust. Defendant is liable

17 for slander of title because he intentionally quit-claimed the property to himself, individually,

18 for his own gain, and for the purpose of selling and to finance the sale of his own car for profit,

19 in breach of his fiduciary duties to the Trust. Plaintiff is entitled to damages, including

20 attorney's fees.

21

22 Probate Code 16002:

23      Defendant breached Probate Code §16002, because this transaction was not in the

24 best interest of the beneficiary of the Trust, it was in Defendant's best interest. A trustee who

25 violates Probate Code §16002 is liable for damages. *Younglove v. Hacker (1936) 15*

26 *Cal.App.2d 211.* A trustee may not have any dealings in the trust property with himself, or

27 acquire any interest therein and the courts will not permit investigation into fairness or

28 unfairness of such transaction or allow trustee to show that dealing was for the best interest

RULING ON MOTION FOR SUMMARY ADJUDICATION

EXHIBIT B

1    of the beneficiary. *Toedter v. Bradshaw (1958) 164 Cal.App.2d 200.* As such, Defendant may

2    not be heard to argue that this transaction benefitted the Trust.  Moreover, Defendant

3    continues to have a fiduciary relationship with the Trust because he continues to control the

4    property (i.e. has not deeded back the Trust property).

5

6    Probate Code 16004:

7        Defendant breached Probate Code §16004, the statutory duty of a trustee to avoid a

8    conflict of interest, by using the trust property for the Trustee's own profit, to sell his own car.

9    A trustee is expressly forbidden to deal with trust property for his own profit. *Stack v. Welder*

10   *(1934) 137 Cal.App. 647.  See also Estate of Pitzer (1984) 155 Cal.App.3d 979.* There is a

11   presumption of fraud when the Trustee gains advantage in such a transaction, and the burden

12   is on the trustee to prove otherwise. *Manilow v. Dorenbaum (1942) 51 Cal.App.2d 645.*

13   According to Defendant-Trustee's discovery responses, the only purpose of the transaction

14   was to sell his car. The evidence strongly suggests that the entire transaction was profit for

15   the Trustee. *See Blackmon v. Hale (1970) 1 Cal.3d 548* (trustee is under an obligation to

16   render full account of all his dealings with trust property, and where there has been a negligent

17   failure to keep true accounts, all presumptions are against it upon settlement).  Plaintiff argues

18   defendants must disgorge the entire profit made.

19

20   Probate Code 16040:

21       Defendant breached Probate Code §16040, for failure to administer the Trust with care.

22   The trustee is liable for failure to exercise reasonable diligence in handling of trust affairs.

23   *Estate of Gilmaker (1964) 226 Cal.App.2d 658.* In his failure to exercise due care, Defendant

24   is liable for damages.  It cannot be said that it is an exercise of due care for a trustee to assert

25   or defend a position for which there is no reasonable support.

26

27   Probate Code 21350 and 859:

28       Defendant also breached Probate Code §21350 for improper transfer of the Trust res

-8-

RULING ON MOTION FOR SUMMARY ADJUDICATION

EXHIBIT B

1 | to the trustee and, Probate Code §859 by a wrongful taking of Trust property.

2 |      Probate Code §859 proscribes a wrongful taking of trust property, and provides for
3 | damages of twice the value of the property recovered. Here, Defendant has taken the entire
4 | property and transferred it to himself in fee simple. His action was wrongful within the
5 | meaning of the statute. He also encumbered the property for the sale of his own car.
6 | Moreover, he refused to deed back the property. The Trust should be fully compensated for
7 | the costs, expenses, and fees associated with the pursuit of this matter, and to repair the
8 | Trust.

9 |      Defendant claims that a verified petition must be filed in Probate Court. But, this
10 | complaint is verified, and the Superior Court has concurrent jurisdiction. Probate Code
11 | §§17000(b)(2)-(3) & 17001. The Court permitted the quiet title and slander causes of action
12 | expressly because Plaintiff verified the first amended complaint as instructed.

13 |      Defendant further claims that the real party in interest has not brought this action, but
14 | that is not correct. Each complaint, contains an allegation that the claims are brought by the
15 | Trust, by and through its Trustee, Stanley G. Hilton, Esq. Indeed, Trustee Hilton had a
16 | specific statutory duty to enforce these claims against Defendant, his predecessor Trustee.
17 | Probate Code §16403(b). The claims in the first amended complaint are that Hilton made
18 | written demands upon Defendant for return of the Trust property and for an accounting.
19 | Probate Code §16403(b)(2). However, Defendant failed to comply.

20 |      Contrary to defendants assertion, Plaintiff does not proceed on a cause of action for
21 | breach of the express terms of the Trust, or allege that any terms of the Trust were breached.
22 | Thus, the trust need not have been attached to the pleading or as a necessary part of this
23 | motion. Moreover, the Trust was filed under seal on 5/20/09, pursuant to the Court's order.
24 | Defendant's attorney was offered an opportunity to view the Trust under a confidentiality
25 | agreement, but declined. Defendant has had ample opportunities to view the trust instrument.
26 | Moreover, contrary to defendant's position, there can't be any exculpatory clauses in a trust
27 | instrument allowing self-dealing by a trustee for his own profit, and in transfer of property to
28 | himself, and defendant's claims that Mr. Denoce told him to perform the actions at issue are

RULING ON MOTION FOR SUMMARY ADJUDICATION

EXHIBIT B

1  not a defense.

2      Defendant was well aware of his fiduciary duties to the Trust and its beneficiary.

3  Defendant verified, both in his discovery responses, and in his deposition, that he was the

4  Trustee of Trust, as well as the Trust attorney.  Most of what has previously been admitted

5  by Defendant is now disputed in his declaration, which the court disregards to the extent it

6  contradicts prior discovery responses.  *D'Amico, supra.*

7

8  **Accounting (Issue 7)**

9      A cause of action for accounting requires the following elements: (1) existence of a

10  relationship requiring an accounting (i.e. fiduciary) and (2)  proof of the existence of some

11  unliquidated and unascertained balance owed.  *St. James Church of Christ Holiness v.*

12  *Superior Court (1955) 135 Cal.App.2d 352, 359.*

13      Probate Code §16062(a) provides, as follows: "Except as otherwise provided in this

14  section and in Section 16064, the trustee shall account at least annually, at the termination

15  of the trust, and *upon a change of trustee,* to each beneficiary to whom income or principal

16  is required or authorized in the trustee's discretion to be currently distributed." (Emphasis

17  added)

18      Plaintiff produced sufficient evidence to establish each element of the cause of action.

19  The Trust was established in 1999 as an irrevocable Trust for the benefit of Savannah

20  DeNoce. (Separate Statement, Issue 1, No. 7).  Defendant was the Trustee of the Trust.

21  (Declaration of Koenig ¶2; Exhibit 2; RFA 1).  Plaintiff submitted evidence to establish that Mr.

22  Stanley G. Hilton is the new Trustee for The Savannah N. DeNoce Trust.  (Declaration of

23  Hilton ¶¶1-3).  Mr. Hilton made a demand for an accounting of all loans placed against the

24  Trust property, and where the proceeds went.  (Separate Statement, Issue 7, No. 1).  Mr.

25  Hilton initially asked Defendant to provide a voluntary accounting in October 2007, before the

26  instant lawsuit was filed, but Defendant failed to provide the accounting.  (Separate Statement,

27  Issue 7, No. 2).  Moreover, Plaintiff submitted evidence to establish that Defendant has not

28  provided a full accounting to the new Trustee.  (Separate Statement, Issue 7, No. 3).

-10-

RULING ON MOTION FOR SUMMARY ADJUDICATION

EXHIBIT B

1

2      Defendant failed to raise a triable issue of fact. It is undisputed that Mr. Hilton made

3  a demand for an accounting of all loans placed against the Trust property, and where the

4  proceeds went. (Defendant's Response to Separate Statement, Issue 7, No. 1). Defendant

5  argues that his answers to interrogatories provide a full accounting and he produced all

6  records in his control at the deposition. (Defendant's Response to Separate Statement, Issue

7  7, Nos. 3-4). Defendant failed to provide any case law or authority to suggest that answers

8  to discovery can constitute an accounting. Moreover, Defendant admitted that he has not

9  provided a complete accounting to the new Trustee, as to all loans and where the proceeds

10  went. (Declaration of Koenig ¶2, Exhibit 2, RFA 76).

11      The accounting aspect of this case pervades all of the litigation and attorney fees are

12  awarded on this claim as well, as noted below.

13

14  Damages:

15      At the continued hearing on the motion the parties filed briefs and additional evidence

16  on damages only. Plaintiff argues that the Trust's damages include: (1) reconveyance of the

17  property; (2) the encumbrance on the property should be ordered removed; (3) diminution in

18  property value of the Trust property; (4) all profits the Trustee made by using the property to

19  finance the sale of his care must be disgorged; (5) the Trust is entitled to an award under

20  Probate Code §859 (for twice the value of the property taken); and (6) the Trust is entitled to

21  punitive damages, as well as, (7) attorney's fees. The court finds from the totality of the

22  evidence, including Mr. Tomasi's response at his deposition regarding where the proceeds

23  of the loan went, "Who cares", to constitute bad faith for purposes of the claims of slander of

24  title and the appropriate Probate Code violations which require such a finding.

25      Defendant's Opposition focuses primarily on attorneys fees, but also argues that there

26  can be no damages because the property is not in the Trust; Denoce could not create a trust

27  unless he had sufficient assets to cover all his debts; a pro se litigant (Denoce) cannot recover

28  attorneys fees; the attorneys must plead and prove a retainer agreement; actual malice is

-11-

RULING ON MOTION FOR SUMMARY ADJUDICATION

EXHIBIT B

1   required for a finding of slander of title; there can be no claim for pecuniary loss because there

2   is not proof that any particular purchaser was dissuaded from purchasing the property; the

3   profit damages regarding the car are not supportable, and various other arguments regarding

4   the attorneys fees.  There is no argument in response to the claim for Probate Code 859

5   damages or the other Probate Code violations supporting the breach of fiduciary duty causes

6   of action.  Defendant also offers evidence that in February 2008, in two letters to Trustee

7   Stanley Hilton, he offered to transfer the property to the Trust. (Exhibits to Tomasi Declaration,

8   Defendant's Opposition to Request for Attorneys fees.)                    Plaintiff Trust's Brief on

9   Damages, and the attached declarations and billing records and billing declarations are

10  offered in support of damages and attorneys fees.  Defendant has not offered any defense

11  to the claim under Probate Code 859 and the court found at the initial hearing that the

12  evidence offered by plaintiff is sufficient to meet its burden of establishing this claim.  Plaintiffs

13  ask the court to double the value of the property at the time it was taken ($240,000); however,

14  the statute says "twice the value of the property recovered by an action under this part."  The

15  court finds that the current value as determined by plaintiff's expert of $130,000 is the correct

16  number and therefore damages of $260,000 are awarded on this claim.

17       In view of the fact that Probate Code 959 damages are punitive in nature, the court

18  declines to award any additional punitive damages. *Estate of Young, 160 Cal.App.4th 62*

19  *(2008)*. Further, there is no evidence of the worth of the defendant to support such a claim.

20       Plaintiffs also ask that defendant return all the profit that he made by use of the

21  property to finance the sale of his car.  Probate Code 16004.  The court, as noted below, is

22  ordering defendant to remove the encumbrance from the property (total value now

23  approximately $22,000 according to defendant at the last hearing).  Therefore profit to be

24  returned to the Trust consists of the $58,000 that Mr. Denoce paid to defendant ($25,744

25  down payment; $33,000 deducted by defendant from Denoce's pay).  On this claim the court

26  awards $58,000.  These damages also apply to causes of action four and five and the main

27  probate code counts in cause of action nine.

28       Plaintiffs also ask for $160,000 as the diminution of value of the property when in the

-12-

RULING ON MOTION FOR SUMMARY ADJUDICATION

EXHIBIT B

1 || possession of defendant. This is based on the assumption that the property could have been

2 || sold at high market value of $310,000 during this time. Such assumption is speculation and

3 || the court does not make an award under this theory.

4

5 || Attorneys Fees:

6 ||      Plaintiffs also ask for an award of attorneys fees. Plaintiffs have submitted

7 || computerized billing records from the Oldman firm and declarations from Mr. Koenig and Mr.

8 || Hilton for the fees that they expended. While it is preferred to have contemporaneously

9 || entered billing records, it is not required. The court can also base an award on its own

10 || assessment of the reasonableness of the billing rates and amount of time expended. Based

11 || on their original damages brief and the Final Updated Current Billings/Invoices filed on

12 || September 2009, plaintiffs seek an award of $242,157.85, including costs. In Ex. 1 Messrs

13 || Koenig and Hilton billed for $117,485 in fees only; in Ex. 4 Mr. Koenig and his associate billed

14 || another $61,427.50 in fees, plus $22,382.75 in costs. In Ex. 2 Ms. Berkus and Mr. Oldman

15 || billed for fees only in the sum of $21,595. In the Final Updated Billing filed on 9/14/09. The

16 || Oldman firm has added an additional fee of $11,295 for the time frame of 8/3/09 to 8/31/09,

17 || plus costs; and, Mr. Koenig has added additional fees of $7500. This amounts to a grand total

18 || of $219,302.50 plus $22,855.35 in costs, or $242,157.85.

19 ||      The court in its discretion, based on its independent assessment of the bills, has made

20 || some reductions. From February 2008, when Mr. Tomasi sent two letters to Mr. Hilton

21 || offering to return the property until the first billing entries by the Oldman firm regarding this

22 || aspect in February 2009, there is no evidence offered as to what transpired in this regard

23 || during the interim. While plaintiffs say that defendant reneged on a promise to return the

24 || property in early 2009, there is no evidence to indicate that he would not have returned the

25 || property earlier had Mr. Hilton followed through. In his declaration Hilton only says that he

26 || asked the Oldman firm to take care of it. The court reduces the fees by $20,000 for time

27 || covering this time period. In addition it is highly unusual for a non-litigation attorney, or a

28 || litigation attorney who is not working on a contingency basis, not to keep contemporaneous

RULING ON MOTION FOR SUMMARY ADJUDICATION

EXHIBIT B

1   billing records. Mr. Hilton was doing some of both and his bills are obviously reconstructed
2   from memory as there are no documents or notes to support his estimate, eg. entries of 30,
3   20, 15 and 20 hours on one day are explained by saying that it took this long to do a task, but
4   that it was billed all in one day. This billing procedure is suspect and the court takes this into
5   account. The court also notes that to prepare and file four discovery motions (RFPs, RFAs,
6   Form Rogs and Special Rogs) all accumulated under the date of 9/8/08 Mr. Hilton billed the
7   very substantial sum of $21,900, which the court deems to be excessive. As for Mr. Koenig,
8   he too does not have a computerized record, however, his billing records appear to be more
9   keyed to actual dates and actual time for those dates. His and Mr. Hilton's billings are found
10  in Exs. 1 and 4. Ex. 4 only contains Mr. Koenig's court appearances and costs.

11          Defendant argues that Mr. Denoce must have done most or all of the work himself, and
12  that as a pro se litigant, he is not entitled to receive any fee. While this is an accurate
13  statement of the law, whether any of the work billed for was actually done by him is
14  problematic. Defendant has filed the declaration of a questioned document examiner, Mr.
15  Dice, who opines that it is "highly probable" that all the documents, including at least one
16  printed when Mr. Denoce was working for Mr. Tomasi, were printed from the same printer.
17  Defendants also point to the same handwriting appearing on service of documents letters.
18  Plaintiffs respond by saying that Mr. Koenig's office acted as a clearing house for the
19  documents either produced and/or edited by the Oldman firm, as well as the documents that
20  he produced. He acknowledges, as does Mr. Denoce, that he worked along with Mr. Denoce,
21  and that Mr. Denoce participated in reviewing documents. To the extent Mr. Koenig expended
22  time with Mr. Denoce in editing and drafting documents, rather than meeting with him to elicit
23  facts from the client, some of this time could be considered excessive. Plaintiffs have
24  admitted that they did work with Mr. Denoce on documents filed with the court, and the court
25  from its own observation is aware of the vigorous and extensive involvement of Mr. Denoce
26  in court, not only in his case, but also on behalf of the Trust. The court has no doubt that
27  some of the time spent in conferences with Mr. Denoce regarding the preparation and editing
28  of documents would not have otherwise occurred had only Mr. Koenig and Ms. Berkus

-14-

RULING ON MOTION FOR SUMMARY ADJUDICATION

EXHIBIT B

1  collaborated on these matters and confined their interactions with Mr. Denoce to dealing

2  strictly with the facts being supplied by the client. The court has taken this into account as

3  well in setting the final amount of the fees. It does not make a finding that any documents

4  were forged or that Mr. Denoce prepared any particular documents based on the expert

5  testimony. The expert does not address the question of whether a certain model printer would

6  produce that same font characteristics, or whether each individual printer of a given model

7  number, would be different. This makes the expert testimony inconclusive for the court.

8      Mr. Koenig has also billed $39,637 in fees for unspecified and undated e-mails with

9  client, Mr. Park and reviewing e-mails. There has been no effort to reconstruct these e-mails,

10  at least to a particular time frame or subject matter, and the court would be justified in

11  deducting the entire amount. The court makes an adjustment and deducts $20,000 based on

12  these entries. The court has also made a reduction based on what it perceived as the overtly

13  litigious nature of this case. Plaintiff would say that it was all attributable to defendant's

14  recalcitrance but the court finds that some of this excess litigation is attributable to both sides

15  and has made an adjustment to account for this. Taking into consideration the specific

16  deductions noted, plus the court's overall assessment of the reasonableness of the fees, the

17  court awards the sum of $160,000 in attorneys fees.

18      This amount is for fees only, not including the costs that were added in the billing

19  records. Plaintiffs are required to file a cost bill, which will be subject to a motion to tax, at a

20  later time.

21

22  Cross-Complaint:

23      Plaintiffs also ask the court to adjudicate the cross-complaint. The court declines to do

24  so as this relief is not requested in the original notice of Summary Judgment, and there is no

25  separate motion to summarily adjudicate the cross-complaint.

26

27  Plaintiff's Requests for Judicial Notice

28      Plaintiff requests that the Court take judicial notice of the following: (1) Rules of

-15-

RULING ON MOTION FOR SUMMARY ADJUDICATION

EXHIBIT B

1  Professional Conduct; (2) 2/23/09 motion for summary judgment filed by Plaintiff, together will
2  all supporting documents; (3) certified copies of Real Property Deeds filed 5/6/09; (4)
3  Defendant's opposition to summary judgment, together with all supporting documents; and
4  (5) Order to seal record - 5/20/09.  The Court can take judicial notice of the documents.
5  However, the Court cannot take judicial notice of the truth of the matters asserted in the
6  2/23/09 motion for summary judgment, together will all supporting documents, and
7  Defendant's opposition to the motion for summary judgment, together with all the supporting
8  documents.

9      Plaintiff also requests that the Court take judicial notice of the following: (1) Declaration
10  of William S. Tomasi - filed 11/19/08; and (2) Plaintiff's Form Interrogatories (Set One) &
11  Defendant's responses.  The Court can take judicial notice of the documents, however, the
12  Court cannot take judicial notice of the truth of the matters asserted therein.

13

14  <u>Plaintiff's Objections</u>

15  Declaration of Kevin Park:

16  1. Overruled;

17  2. Overruled;

18  3. Overruled;

19  4. Sustained.

20

21  Declaration of Tomasi:

22  1-25. Overruled.

23

24  DATE: 9/18/09

25

26  JAMES R. DUNN
    Judge of the Superior Court

27

28

-16-

RULING ON MOTION FOR SUMMARY ADJUDICATION

EXHIBIT B