FILED & ENTERED

JUL 10 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gasparia DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Florence Jacquelyn Tomasi<br>William Stephen Tomasi<br><br>Debtor(s).<br><br>The Savannah N Denoce Trust<br><br>Plaintiff(s),<br>v.<br><br>Florence Jacquelyn Tomasi<br><br>Defendant(s). | CHAPTER 7<br><br>Case No.:  1:10-bk-16174-MT<br>Adv No:   1:10-ap-01446-MT<br><br>**MEMORANDUM ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        May 30, 2012<br>Time:       1:00 PM<br>Courtroom: 302 |

Debtor William Stephen Tomasi ("Defendant") is an attorney who previously represented The Savannah N. DeNoce Trust ("Trust" or "Plaintiff").  The Trust was created in 1999 for the benefit of Douglas DeNoce's ("DeNoce") daughter, Savannah N. DeNoce, who is the sole beneficiary.  In December 2000, the then Trustee acquired the Simi Valley Property as an investment for the Trust.  In 2004, DeNoce asked Defendant Tomasi to act as Trustee for the Trust.  DeNoce and Defendant began a business

-1-

relationship in 2003, at which time Defendant was retained to represent DeNoce in some criminal matters including driving under the influence. DeNoce, a disbarred attorney, also entered into a relationship with Defendant in which DeNoce would perform legal work for Defendant in exchange for compensation. During this time, Defendant sold a Porsche to DeNoce. DeNoce paid Defendant a $24,000 down payment towards the total purchase price of $50,000. Plaintiff alleges that after agreeing to sell the Porsche to DeNoce, Defendant quit claimed the Simi Valley Property to himself and took out a $60,000 loan for his own benefit. Plaintiff alleges that Defendant quit claimed the house to himself in order to provide collateral for a loan that Defendant used to pay off credit card debts.

On December 4, 2008, Douglas DeNoce filed a first amended complaint against Defendant in Los Angeles Superior Court ("Superior Court"). On October 29, 2009, the Superior Court entered judgment against Defendant. In the Judgment Against William Tomasi, Esq., dated September 18, 2009 and entered on October 29, 2009, the Superior Court held that:

> Defendant William S. Tomasi is found liable for slandering the title of the Savannah N. DeNoce Trust to the real property at 1246 Patricia Avenue, Apt. 19, Simi Valley, California 93056" […] Judgment is rendered against Defendant William S. Tomasi, Esq. for breach of his fiduciary duties to The Savannah N. DeNoce Trust and Defendant William S. Tomasi, Esq. is found liable for violation of California Probate Code Section 16002, failure to act in the best interest of the beneficiary of said Trust … California Probate Code Section 16040 for failure to administer the trust with care … California Probate Code Section 21350 for improper transfer of Trust res … for California Probate Code Section 859 for the wrongful taking of Trust property … for California Probate Code Section 16062 for a failure to account to the Trust voluntarily, upon demand of his Successor Trustee, and for causing the Trust to have filed a lawsuit and conduct litigation to obtain an accounting, which was never provided. <u>Plaintiff's Request for Judicial Notice</u>, Ex. B.

The Superior Court subsequently denied Defendant's motion for a new trial and Defendant appealed. The California Court of Appeals ("Court of Appeals") unanimously upheld the Superior Court's judgment in favor of Plaintiff. Plaintiff's Supplemental Appendix of Evidence in Support of Plaintiff's Reply to Opposition to Motion for Summary Adjudication, Ex. P. Following this judgment, Defendant filed a Petition for Review with the California Supreme Court that was subsequently denied. Id. Ex. T. Defendant objects to Plaintiff's motion for summary judgment alleging that the issues in the state court proceeding were not actually litigated. After a hearing on April 18, 2012, this Court ordered that the parties provide additional briefing on the issues of "actually litigated and necessarily decided" and "fairness."

A. Standard for Summary Judgment

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FRCP 56(c) (incorporated by FRBP 7056). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. Id. at 324. The court must view the evidence in the light most favorable to the nonmoving party. Bell v. Cameron Meadows Land Co., 669 F.2d 1278, 1284 (9th Cir.1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir.1976). The inference drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Valadingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir.1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Insurance Co. of N. Am., 638 F.2d 136, 140 (9th Cir.1981).

B. Collateral Estoppel / Issue Preclusion

Collateral estoppel principles apply in discharge exception proceedings under §523(a). Grogan v. Garner, 498 U.S. 279, 284 n.11 (1991). Pursuant to 28 U.S.C.

§1738, as a matter of full faith and credit, federal courts are required to apply the pertinent state's collateral estoppel principles. Gayden v. Nourbakhsh (In re Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995). Under California law, collateral estoppel applies only if (1) the issue sought to be precluded from relitigation is identical to that decided in the former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding was final and on the merits; and (5) the party against whom preclusion is sought is the same, or in privity with, the party to the former proceeding. Harmon v. Kobrin, (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001).

Lastly, in the Ninth Circuit, the Court must also find that giving the previous judgment preclusive effect would further the public policies underlying the collateral estoppel doctrine. The California Supreme Court has identified three policies underlying the doctrine of collateral estoppel: "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." Baldwin v. Kilpatrick (In re Baldwin), 249 F.3d 912, 919-920 (9th Cir. 2001).

I. Issue Preclusion of the § 523(a)(2) claim

Section 523(a)(2)(A) excepts from discharge any debt "to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. §523(a)(2)(A). A creditor's claim of non-dischargeability based on § 523(a)(2)(A) must satisfy five elements: (1) the debtor made false statement or deceptive conduct; (2) the debtor knew the representation to be false; (3) the debtor made the representation with the intent to deceive the creditor; (4) the creditor justifiably relied on the representation; and (5) the creditor sustained damage resulting from its reliance on the debtor's representation. In re Slyman, 234 F.3d 1081, 1085 (9th Cir. 2000).

Neither Plaintiff nor Defendant has provided evidence in their supplemental briefs indicating that the Superior Court decided the issues of fraud or deceit. Plaintiff did not seek summary adjudication on the issues of fraud or deceit in state court, and the Superior Court declined to raise these issues *sua sponte*. Plaintiff's Request for Judicial

Notice, Ex. C, 2:22-24.  Thus, there has been no adjudication conducted by the Superior Court or the Court of Appeals, and the California Supreme Court has declined to hear the case.

Moreover, because the state courts did not specifically examine the elements of a fraud action, but rather individually examined separate issues of breach of fiduciary duty, the determinations reached by the Superior Court and Court of Appeals do not address the elements required to establish fraud in a non-dischargeability action.  As such, collateral estoppel does not apply to Plaintiff's § 523(a)(2) action.

II.    Issue Preclusion of the § 523(a)(4) claim

Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. §523(a)(4).  A creditor seeking a relief under Section 523(a)(4) must establish three elements: (1) an express trust existed; (2) the debt was caused by fraud or defalcation; and (3) that the debtor was a fiduciary to the creditor at the time the debt was created.  Nahman v. Jacks, 266 B.R. 728, 735 (B.A.P. 9th Cir. 2001).   Generally, the elements of the express trust include: "(1) sufficient words to create a trust; (2) a definite subject; and (3) a certain and ascertained object or res."  Lovell v. Stanifer, 236 B.R. 709, 714 (B.A.P. 9th Cir. 1999).

However, "[i]n order for a fiduciary relationship to exist, the court must determine that the circumstances establish an express trust pursuant to state law."  Jacks, 266 B.R. at 736.  Under California law "[t]he five elements required to create an express trust are (1) a competent trustor, (2) trust intent, (3) trust property, (4) trust purpose, and (5) a beneficiary." Keitel v. Heubel, 103 Cal.App. 4th 324, 337 (Cal.Ct.App.2002). Intent is a question of fact. *See*, e.g., Candland v. Ins. Co. of N. Am. (In re Candland), 90 F.3d 1466 (9th Cir.1996)

        a.    The issue sought to be precluded from relitigation is identical to that decided in the former proceeding

Plaintiff seeks to prevent relitigation of whether Defendant committed fraud or defalcation to the Trust while acting in a fiduciary capacity. To prove a § 523(a)(4) claim, Plaintiff must show that : (1) an express trust existed; (2) the debt was caused by fraud or defalcation; and (3) that the debtor was a fiduciary to the creditor at the time the debt was created. Nahman, 266 B.R. at 735. The Superior Court and Court of Appeals ruled on the following issues in the previous action, which are identical to the issues to be litigated under § 523(a)(4):

1. An express trust existed

Under California law "[t]he five elements required to create an express trust are (1) a competent trustor, (2) trust intent, (3) trust property, (4) trust purpose, and (5) a beneficiary." Keitel, 103 Cal. App. 4th at 337. Intent is a question of fact. *See*, e.g., Candland, 90 F.3d at 1466.

The California Court of Appeal directly addressed this issue. In its Ruling, the Court of Appeal pointed out that while Defendant argued that Plaintiff failed to plead and prove the terms of a valid trust, the creation and the terms of the trust was never at issue. Plaintiff's Supplemental Appendix of Evidence, Ex. P, 17. Additionally, as set forth below, the existence of an express trust was necessarily decided by the Superior Court.

Defendant also attached the Superior Court order sealing the confidential trust instrument, designating Savannah DeNoce as the beneficiary of the trust, in his appendix of evidence. This not only demonstrates that the express trust had been created, but that it was recognized under seal by the both the Superior Court and the Court of Appeals. Therefore, an express trust between Plaintiff and Defendant existed.

2. The debt was caused by fraud or defalcation.

The debt in this case arises out of the res of the trust that was at issue in the state court action. As indicated below, the Superior Court held that Defendant violated Probate Code Sections 16002, 16004, 16040, 21350, and 859. Each of these Probate Code Sections prescribes conduct amounting to defalcation. In fact, Probate Code § 859 necessarily invokes the very definition of defalcation by prohibiting the wrongful

misappropriation of funds. Thus, the debt here is caused by Defendant's defalcation and this element of collateral estoppel is satisfied.

        3.    The debtor was a fiduciary to the creditor at the time the debt was created

The Superior Court also addressed this issue directly. In its "Ruling on Motion for Summary Adjudication of the Savannah H. DeNoce Trust", the Superior Court specifically held that "Defendant was well aware of his fiduciary duties to the trust and its beneficiary." Plaintiff's Request for Judicial Notice, Ex. C, 3:2-4. Defendant admitted as much during a deposition that he was in fact Trustee of the Trust as well as the Trust's attorney. The Superior Court also found that Defendant, while acting in his fiduciary capacity had taken the entire property and transferred it to himself in fee simple. Id. at 2:3-4. Thus, Defendant was a fiduciary to the Creditor at the time the debt was created.

    b.  <u>Were the elements required to establish fraud or defalcation in a fiduciary capacity actually litigated in the Superior Court proceeding?</u>

    1.  Express Trust

Defendant first argues that collateral estoppel principles should not be applied to Plaintiff's § 523(a)(4) action because the Superior Court and Court of Appeals never made specific findings that the Trust met the elements of an express trust under California law. Plaintiff argues that in order for the Superior Court and Court of Appeals to find that Defendant breached his fiduciary duty to the Trust, those courts necessarily decided that there was an express trust.

The instant case mirrors In re Baldwin. There, a state court default judgment contained no explicit findings regarding the defendant's liability for assault, yet that court held that for collateral estoppel purposes, the prior court necessarily decided that the defendant acted intentionally because the prior court could not have granted judgment in plaintiff's favor without deciding that defendant acted with the intent to injure plaintiff. Baldwin, 249 F.3d at 912. Likewise, in the instant case, the state court could not have found that Defendant breached his fiduciary duties to the Trust without necessarily

deciding that there was an express trust to which defendant owed fiduciary duties. Moreover, as identified in this Court's previous tentative ruling on Plaintiff's Motion for Summary Judgment, the California Court of Appeal pointed out that the creation and the terms of the Trust were never at issue in the state court action. <u>Plaintiff's Supplemental Appendix of Evidence, Exhibit P, 17</u>. Furthermore, Defendant's evidence contains the state court order sealing the trust instrument designating Savannah DeNoce as the beneficiary of the Trust. This not only demonstrates that an express trust was created, but that it was recognized under seal by the both the Superior Court and the Court of Appeals. An express trust between Plaintiff and Defendant existed and principles of collateral estoppel can be applied to this issue.

### 2. Fraud or Defalcation While Acting in a Fiduciary Capacity

To prevail on a § 523(a)(4) cause of action, the moving party must show that the defendant engaged in fraud or defalcation while acting in a fiduciary capacity.[1] Moreover, the fiduciary relationship required to prevail on a § 523(a)(4) action must arise from an express or technical trust. <u>In re Honkanen</u>, 446 B.R. 373, 378-379 (9th Cir. BAP 2011); <u>In re Lewis</u>, 97 F.3d 1182, 1185 (9th Cir. 1996). In 2004, Plaintiff asked Defendant to act as Trustee for the Trust and Plaintiff alleges that Defendant's improper conduct with respect to the Trust occurred after the fiduciary relationship and Trust were created. As such, the requirement that the "fiduciary relationship arise from an express or technical trust" without reference to "the wrongdoing that caused the debt" is satisfied. <u>Honkanen</u>, 446 B.R. at 379.

Nonetheless, Defendant asserts that collateral estoppel should not be applied to the state court judgment that Defendant breached his fiduciary duties to the Trust because that judgment resulted from a default. A default under California law occurs anytime a defendant fails to file a permitted response in the time allowed by law. California Practice Guide: Civil Procedure § 5:2 (The Rutter Group). Defendant claims that he failed to object to the Plaintiff's Motion for Summary Judgment in state court because Defendant's counsel believed that Plaintiff's breach of fiduciary duty claims had been dismissed without leave to amend. Although there is no indication that a

---

[1]. Section 523(a)(4) also creates liability for larceny and embezzlement, however those are not alleged in the instant case.

-8-

default was entered against Defendant, Defendant insists that the state court's grant of summary adjudication in Plaintiff's favor on the breach of fiduciary duty causes of action should be equated to a default and not given preclusive effect.

Contrary to Defendant's assertion, a default judgment "collaterally estops the defendant from raising issues in a later lawsuit that were necessarily adjudicated against defendant in the earlier action," so long as "the record shows an express finding upon the allegation" for which preclusion is sought. Harmon, 250 F.3d at 1247; English v. English, 9 C. 2d 358, 363–364 (1937); Burtnett v. King, 33 C. 2d 805, 810 (1949); Four Star Elec., Inc. v. F & H Const., 7 Cal. App. 4th 1375, 1380 (1992). As such, "a court's silence concerning a pleaded allegation does not constitute adjudication of the issue." Harmon, 250 F.3d at 1247. Rather, "an issue is 'actually litigated' when it is properly raised by a party's pleadings or otherwise, when it is submitted to the court for determination, and when the court actually determines the issue." Id. It has also been held that a default judgment has preclusive effect where the court granting default judgment finds that "all the allegations of the complaint are true, and that they are sustained by testimony free from all legal exceptions." In re Williams' Estate, 223 P.2d 248, 254 (Cal. 1950).

In Harmon, the court held that collateral estoppel did not apply because the prior court's ruling "made no express findings whatsoever, stating simply that upon consideration of the evidence it 'appear[ed] by clear and convincing evidence that plaintiff is entitled to judgment against defendants.'" Harmon, 250 F.3d at 1247-1248. To the contrary, in the instant case, the Superior Court's "Ruling on Motion for Summary Adjudication of the Savannah H. DeNoce Trust" issued on 9/18/09 makes specific findings as to Defendant's liability for breaches of fiduciary duties to the Trust under Probate Code Sections 16002, 16004, 16040, 21350, and 859. Plaintiff's Request for Judicial Notice, Ex. C, 7-10. These findings are as follows:

> Section 16002 requires the trustee to administer the trust solely in the interest of beneficiaries. The Superior Court held that Defendant's transfer of Trust property to himself was not in the Trust's best interest, but was instead in the Defendant's best interest. Additionally, the state court noted that "courts will not permit

investigation into the fairness or unfairness" of a self-dealing transactions. As such, Defendant's failure to timely oppose Plaintiff's Motion for Summary Judgment in state court is irrelevant to Defendant's liability under § 16002.

Section 16004 prohibits the trustee from engaging in self-dealing. The Superior Court held that by using Trust property for his own profit, Defendant breached his statutory duty to avoid conflicts of interest. The Superior Court noted that the evidence strongly suggests that the entire transaction was profit for the Trustee and was for the purpose of selling his car.

Section 16040 requires the trustee to administer the trust with the same level of care as a reasonably prudent person. The Superior Court held that Defendant was liable for failing to exercise reasonable diligence in handling trust affairs based on his self-dealing.

Sections 21350 and 859 respectively prohibit a fiduciary from being a benefactor of donative transfer from the party to whom he owes a fiduciary duty and prohibit a Trustee's a bad faith taking, concealment, or disposition of trust property. The Superior Court found that Defendant violated these Probate Code Sections by taking the entire Trust property, transferring it to himself in fee simple, encumbering the property for the sale of his own car, and then refusing to deed the property back to the Trust. Defendant's allegation that Plaintiff requested that Defendant do this does not exculpate Defendant because Defendant was well aware of his fiduciary duties.

As such, the Superior Court's ruling clearly rests on the evidence and briefing submitted by Plaintiff, even though Defendant "failed to present admissible evidence to raise triable issues of fact." Plaintiff's Request for Judicial Notice, Ex. C, 3:7-13. Based on the Superior Court's finding that Defendant violated the above sections of the Probate Code, this Court can properly apply collateral estoppel to Plaintiff's § 523 (a)(4) claim to establish that Defendant engaged in fraud or defalcation with respect to the Trust. Honkanen, 446 B.R. at 373. Although express findings were not made on each element of fraud, the conduct prescribed by Probate Code §§ 16002, 16004, 16040,

21350, and 859 amounts to defalcation as analyzed in Part II(a)(2) of this memorandum.

Moreover, the Superior Court denied Defendant's request for a continuance to file an opposition because "Defendant's counsel's declaration fails to identify what facts might exist to support the opposition to Plaintiff's motion for summary judgment/ adjudication" as required by California law. Roth v. Rhodes, 25 Cal. App. 4th 530, 548 (1994); Plaintiff's Request for Judicial Notice, Ex. C, 3:16-28 - 4:1-2. At a pre-trial hearing on 12/7/09, the Superior Court noted that "all issues of the trust have been litigated and will not be revisited in the trial." The Superior Court also rebuked Defendant's requests to continue the Superior Court's hearing on the Motion for Summary Judgment, stating on the record that Defendant had been provided ample opportunity to inspect the Trust and that, with respect to the trust causes of action, "no controverted facts have been presented at all. Merely the statement that the demurrer was sustained without leave to amend, which the court has stated was not the case." As such, Defendant's failure to object to Plaintiff's Motion for Summary Judgment in state court does not preclude this Court from finding that collateral estoppel applies to Plaintiff's § 523(a)(4) action.

      c. <u>Were the elements required to establish fraud or defalcation in a fiduciary capacity necessarily decided in the Superior Court proceeding?</u>

There was a judgment issued by both the Superior Court and the Court of Appeals. Both courts took the facts of this dispute into careful consideration and issued rulings. For a judgment to have been issued at all, the issues before the court would have to have been decided. The Superior Court found that "the trustee transferred the property to himself, individually for his own profit, and in self-sealing" despite the property not belonging to him. Plaintiff's Request for Judicial Notice, Ex. C, 7:13-17. The Court specifically found this to be a breach of fiduciary duty. Id. at 7: 18-19. While the Court noted that the Plaintiff plead breach of fiduciary duty in an unusual way by including separate claims as counts of one large action, the court nonetheless found multiple breaches of fiduciary duty. Id. at 2:26-28 - 3:1. Thus, the elements required to

establish a fraud in a fiduciary capacity were necessarily decided in the Superior Court proceeding.

### d. Was the decision in the former proceeding final and on the merits?

The former state court decision was final and on the merits. There have been two rounds of state court appeals, and the California Supreme Court declined to hear the case further. Thus, because there is no further avenue of appeal, the prior decision is final. The Superior Court and Court of Appeals rulings demonstrate that this case was decided on the evidence presented on the substantive issues surrounding the dispute in question. Therefore, the prior decision was on the merits.

### e. Is the party against whom preclusion is sought the same as, or in privity with, the party in the former proceeding?

The Defendant in the instant case was also the defendant in the state court actions. Thus, there is privity.

## III. Public Policy

The California Supreme Court identified the following three policies underlying the doctrine of collateral estoppel: "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." Baldwin, 249 F.3d at 919-920. In many jurisdictions, this requires that the party "against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue." D'Arata v. N.Y. Cent. Mut. Fire Ins. Co., 564 N.E. 2d 634, 636 (1990). Lucido, 795 P.2d at 1225; Vandenberg v. Superior Court, 982 P.2d 229, 237 (1999).

As set forth above, the Superior Court's 9/18/09 Ruling on Plaintiff's Motion for Summary Judgment rests on evidence and briefing submitted by the Plaintiff, even though Defendant "failed to present admissible evidence to raise triable issues of fact." Plaintiff's Request for Judicial Notice, Ex. C, 3:7-13. Although Defendant's counsel argues that application of collateral estoppel is unfair, the Superior Court thoroughly considered whether Defendant should be given another opportunity to oppose the Motion for Summary Judgment. In denying Defendant's request for a continuance to file

an opposition, the Superior Court noted that "Defendant's counsel's declaration fails to identify what facts might exist to support the opposition to Plaintiff's motion for summary judgment/adjudication" as required by California law.  Roth v. Rhodes, 25 Cal. App. 4th 530, 548 (1994); Plaintiff's Request for Judicial Notice, Ex. C, 3:16-28 - 4:1-2.  The Superior Court also revisited the 2/5/09 demurrer hearing where the court stated, in pertinent part, that Count 1 of the ninth cause of action for breach of fiduciary duty was sustained without leave to amend, but Counts 2-6, which were based on Probate, were adequately proved. Plaintiff's Request for Judicial Notice, Ex. C, 15:21-25. The Court went on to state that, "clearly, the Court overruled Defendant's demurrer to the 9th cause of action (counts 2-6) asserted by the Trust.  Any confusion on the part of Defendant should have been resolved prior to filing opposition to the motion for summary judgment/adjudication.  Counsel for Defendant, Mr. Park, was present at the hearing and was, therefore, aware of the Court's ruling." Plaintiff's Request for Judicial Notice, Ex. C, 4: footnote 2.  Based on the foregoing, not only did Defendant have a full and fair opportunity to litigate the breach of fiduciary duty issues, but the Superior Court already decided that Defendant should not be excused from his failure to oppose the Motion for Summary Judgment.

The principles of federalism underlying Full Faith and Credit would be undermined should this Court relitigate the question of whether Defendant engaged in a breach of fiduciary duty as it relates to Plaintiff.  In the present context, application of collateral estoppel promotes judicial economy and conserves judicial resources because this Court will not have to hold a trial to determine issues that were already decided and confirmed by the Superior Court. Lastly, under the circumstances presented by this case, application of collateral estoppel will protect Plaintiff from vexatious litigation because Defendant was represented by counsel and had a full and fair opportunity to litigate the issues in the state court proceedings.  Plaintiff should not be required to relitigate before this Court what was properly decided in the Superior Court and confirmed by the Court of Appeals.

Plaintiff's Motion for Summary Adjudication of Claims under §523(a)(4) is GRANTED.
Plaintiff's Motion for Summary Adjudication of Claims under §523(a)(2) is DENIED.

Plaintiff's damages as awarded by the Superior Court are $160,000 for attorney's fees, $260,000 as a penalty to repay the Trust, and $58,000 for return of profit made from the sale of the car, as well as costs.

Plaintiff should submit an order and judgment consistent with this ruling.

DATED: July 10, 2012

*Maureen A. Tighe*
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **MEMORANDUM ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of July 9, 2012, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

David R Hagen (TR)
drh@forbankruptcy.com, dhagen@ecf.epiqsystems.com

Allan Herzlich on behalf of Plaintiff The Savannah N Denoce Trust
allan@herzlich-blum.com

Creighton A Stephens on behalf of Defendant Florence Tomasi
casesq@verizon.net

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Kevin Hunter Park on behalf of Defendant Florence Tomasi
Gray Duffy LLP
15760 Ventua Blvd 16th Floor
Encino, CA 91436

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Florence Jacquelyn Tomasi
1136 Del Verde Court
Thousand Oaks, CA 91320

William Stephen Tomasi
1136 Del Verde Court
Thousand Oaks, CA 91320

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                     **F 9021-1.1.NOTICE.ENTERED.ORDER**